# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA, | CASE NO. 1:10-cv-01019-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH PREJUDICE |
| v. | (Doc. 1) |
| UNITED STATES DISTRICT COURT, | |
| Defendant. | |

Plaintiff Kenneth Alan Sierra ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the California State Prison in Corcoran, California. Plaintiff names the United States District Court as a defendant. For the reasons set forth below, the Court will dismiss Plaintiff's complaint, with prejudice, for failing to state any claims.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

The allegations made in Plaintiff's complaint are unclear, but Plaintiff appears to be suing the district court for decisions rendered in Plaintiff's previous lawsuits. Plaintiff alleges that he "received a legal conveyance via a legal vehicle by way of court order, United States District Court. Fresno Division. Case Number 1:04-cv-005131 AWI GSA (PC). Under District Judge Anthony W. Ishii and Magistrate Judge Gary S. Austin. Where said conveyance is fraudulent. A violation of penal code § 186 fraud and penal codes § 118 (perjury), § 182 (conspiracy)." (Compl. ¶ 1, ECF No. 1.)

Plaintiff appears to be referring to an order issued in the case where Plaintiff's in forma pauperis status was revoked. Plaintiff claims that the district court "conducted a fraudulent conveyance that Plaintiff had documented information that his personal property was corporate in the language (verbatim) presented by the courts. At no time has this Plaintiff alleged that his private

property Nike®, was a corporate business or that the accounts were corporate, as the courts have alleged in their fraudulent conveyance." (Compl. ¶ 5, ECF No. 1.) Plaintiff claims that the district court's characterization of Plaintiff's business as a "corporate bussiness[sic]" caused an "undue state of mind." (Compl. ¶ 5, ECF No. 1.) Plaintiff claims that "suspects" have "targeted this Plaintiffs[sic] private bussiness[sic]" and "illegally converted his . . . bussiness[sic] a private enterprise, into a corporate bussiness[sic]." (Compl. ¶ 5 ECF No. 1.) Plaintiff further claims that the district court's "fraudulent conveyance attempts to introduce corporate language and associate Plaintiffs[sic] property to corporate law language, in collusion in establishing that in some illegal means, the conversion to corporate was made legal based on the district courts[sic] source relied upon to document such allegation of said magnitude [violating penal code § 132.]" (Compl. ¶ 5, ECF No. 1.) The remaining allegations in Plaintiff's complaint consist of similarly confusing allegations regarding attempts to steal Plaintiff's property, presumably referring to Plaintiff's alleged ownership of Nike.

Plaintiff's claims in this action against the United States District Court appear to be based on his allegation that District Judge Anthony W. Ishii and Magistrate Judge Gary S. Austin "have shown collusive activity" with certain prison officials. (Compl. ¶ 7, ECF No. 1.) Plaintiff fails to elaborate on how these judges "have shown collusive activity." Plaintiff is presumably referring to the rulings made in his previous lawsuits. However, Plaintiff does not clearly allege what those rulings were, or how they adversely affected Plaintiff's property interest in Nike.

**III.    Discussion**

Plaintiff's complaint does not state any cognizable claims. His complaint consists only of a rambling statement of facts and a list of relief requested. It is unclear what, if any, causes of action follow from the facts alleged by Plaintiff. The form complaint used by Plaintiff refers to 42 U.S.C. § 1983. However, Section 1983 only provides a cause of action for the violation of civil rights caused by state actors. The only defendant in this lawsuit is the United States District Court, which is a federal court, not a state actor. Even if the Court were to liberally construe Plaintiff's claims as

arising under Bivens[1], it is unclear what rights, if any, were violated by the district court based on the allegations made by Plaintiff.  Plaintiff also refers to 42 U.S.C. §§ 1985 and 1986, but Plaintiff fails to coherently explain how any of these statutes or causes of action are applicable to the facts alleged in his complaint.

Further, any cause of action that could be construed from Plaintiff's complaint would be barred because the United States is entitled to sovereign immunity from any claim for damages unless immunity has been explicitly waived by Congress.  Dunn & Black, P.S. v. U.S., 492 F.3d 1084, 1088 (9th Cir. 2007).  This immunity extends to federal agencies and federal employees acting within their official capacities.  Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997).  The United States has not explicitly waived the immunity of the United States and its agencies with respect to Bivens claims or claims brought under Section 1985 and 1986.  See FDIC v. Meyer, 510 U.S. 471, 483-86 (2004) (Bivens action cannot be brought against a federal agency); Roum v. Bush, 461 F. Supp. 2d 40, 46 (D.D.C. 2006) (Section 1985 does not waive federal government's sovereign immunity); Unimex, Inc. v. United States Department of Housing & Urban Development, 594 F.2d 1060, 1061 (5th Cir. 1979) (federal agency immune from suits under civil rights statutes, including Section 1986).

To the extent that Plaintiff's complaint can be construed as raising claims against federal judges, those individuals would be absolutely immune from liability for the actions they took in their judicial capacity.  Mullis v. U.S. Bankruptcy Court, Dist. of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988).  "'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'"  Mullis, 828 F.2d at 1388 (quoting Stump v. Sparkman, 435 U.S. 349, 356-357 (1978)).  A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction.  Id. at 1389.  Judicial immunity is not lost by allegations that a judge conspired with a third party.  As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies.  Ashelman

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides a remedy for civil rights violations committed by federal actors.

4

v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

Based on the foregoing, Plaintiff's complaint fails to state any coherent causes of action. Even if Plaintiff's complaint could be liberally construed to state causes of action not considered by the Court, Plaintiff's claims would be barred by sovereign immunity or judicial immunity. The Court finds that Plaintiff's complaint should be dismissed and that Plaintiff's claims are not capable of being cured by further amendment. Accordingly, the Court will dismiss Plaintiff's claims with prejudice. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

### IV.  Conclusion and Order

The Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court further finds that Plaintiff's claims cannot be cured by the allegation of other facts.

Accordingly, it is HEREBY ORDERED that

1. Plaintiff's complaint is DISMISSED, with prejudice, for failing to state any claims; and

2. All pending motions in this action are DENIED.

IT IS SO ORDERED.

**Dated:   February 8, 2011**              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE