# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SIERRA, | CASE NO. 1:10-cv-01019-SKO PC |
|     Plaintiff, | ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS |
|     v. | (Docs. 32-34) |
| UNITED STATES DISTRICT COURT, | |
|     Defendant. | |

Plaintiff Kenneth Alan Sierra, a state prisoner proceeding pro se, filed this civil action on June 7, 2010. The action was dismissed with prejudice on February 9, 2011, and Plaintiff's appeal of the dismissal was dismissed by the Ninth Circuit Court of Appeals on July 15, 2011. Pending before the Court are Plaintiff's motions seeking (1) assignment for appellate review and reconsideration, (2) an extension of time to seek reconsideration, and (3) leave to amend, filed on March 14, 2011.[1]

This action was dismissed, with prejudice, for failure to state a claim upon which relief may be granted because the complaint set forth no coherent causes of action. The Court further found that if liberally construed to state causes of action not considered by the Court, the claims would be barred by sovereign immunity, FDIC v. Meyer, 510 U.S. 471, 486 (1994); Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995), and/or judicial immunity, Cleavinger v. Saxner, 474 U.S. 193, 199-

---

[1] In light of the dismissal of Plaintiff's appeal, the Court has regained jurisdiction to resolve Plaintiff's pending motions. Standard Oil Co. of California v. United States, 429 U.S. 17, 18-9, 97 S.Ct. 31 (1976); Gould v. Mutual Life Insurance Co. of New York, 790 F.2d 769, 772-73 (9th Cir. 1986).

1  200, 106 S.Ct. 496 (1985); <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56, 98 S.Ct. 1099 (1978); <u>Crowe</u>
2  <u>v. County of San Diego</u>, 608 F.3d 406, 430 (9th Cir. 2010); <u>Simmons v. Sacramento County</u>
3  <u>Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003).

4        Plaintiff's motion for appellate review is moot in that his appeal was processed and resolved
5  by the Ninth Circuit.  Plaintiff's motion for reconsideration by a different judge is denied.  There are
6  no grounds for recusal of the undersigned and assignment of this action to another judge.  28 U.S.C.
7  §§ 455(a), 455(b)(1); <u>Litkey v. United States</u>, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994); <u>United</u>
8  <u>States v. Johnson</u>, 610 F.3d 1138, 1147 (9th Cir. 2010).

9        Plaintiff's motion for an extension of time to seek reconsideration is denied.  A motion for
10 reconsideration under Rule 60(b) must be brought within a reasonable time and if relief is sought
11 under Rule 60(b)(1), (2), or (3), the motion must be brought within one year.  Fed. R. Civ. P. 60(b).
12 Plaintiff's motion is premature in light of the foregoing standard, and in addition, the motion sets
13 forth no good cause.  Fed. R. Civ. P. 6(b).

14       Finally, Plaintiff's motion for leave to file an amended complaint, treated as a Rule 60(b)
15 motion given that the action is closed, is denied.  Plaintiff's disagreement with the ruling is not
16 grounds for reconsideration, Fed. R. Civ. P. 60(b)(6); Local Rule 230(j); <u>Marlyn Nutraceuticals, Inc.</u>
17 <u>v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009); <u>Harvest v. Castro</u>, 531 F.3d 737,
18 749 (9th Cir. 2008), and there exist no grounds warranting leave to amend given the nature of
19 Plaintiff's claims and the party named, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

20       For the foregoing reasons, Plaintiff's motions are HEREBY DENIED.

22 IT IS SO ORDERED.

23 **Dated:   September 27, 2011**           **/s/ Sheila K. Oberto**
                                                       UNITED STATES MAGISTRATE JUDGE